UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL LEE WRIGHT,

    Plaintiff,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
TROTT & TROTT, P.C., and HSBC BANK
USA, N.A.,

    Defendants.
_____/

Case No. 11-12756

Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_March 29, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On May 18, 2011, Carol Wright ("Plaintiff") filed this action in state court, alleging that Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Trott & Trott, P.C. ("Trott"), and HSBC Bank USA, N.A. ("HSBC") violated state and federal laws in connection with the administration of a mortgage loan. Presently before the Court are two motions for judgment on the pleadings, or in the alternative, for summary judgment. MERS and HSBC filed the first of these two motions, while Trott filed the second. These matters have been fully briefed, and on March 27, 2012, the Court indicated to the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local

Rule 7.1(f)(2). For reasons set forth below, the Court grants both motions.

## I. Factual and Procedural Background

On January 18, 2005, Plaintiff obtained a loan of $238,500 from Fremont Investment & Loan, evidenced by a promissory note. As security for this loan, Plaintiff executed a mortgage on real property located at 7290 Reber, in Utica, Michigan. MERS was the mortgagee, as nominee for the lender and the lender's successors and assigns. This mortgage was recorded with the Macomb County Register of Deeds on February 16, 2005.

In July 2005, the note was sold to a Real Estate Mortgage Investment Conduit trust, designated the "Fremont Home Loan Trust 2005-C" ("the Trust"). HSBC is the trustee for the Trust. In 2008, Litton Loan Servicing ("Litton") began servicing Plaintiff's loan.

Plaintiff apparently defaulted on the loan, although it is not clear precisely when this occurred.[1] Litton retained Trott to initiate proceedings to foreclose by advertisement. On April 18, 2011, MERS assigned Plaintiff's mortgage to HSBC. This assignment was recorded with the Register of Deeds on May 2, 2011. The property has not yet been sold at a foreclosure sale.

Plaintiff filed suit in Macomb County Circuit Court on May 18, 2011, asserting claims against MERS and Trott. MERS removed the suit to this Court on June 24, 2011. Plaintiff soon filed an Amended Complaint, adding HSBC as a defendant. The Amended Complaint asserts claims under the Fair Debt Collection Practices Act and state common law. It also relies heavily on the analysis of the Michigan Court of Appeals in *Residential*

---

[1] MERS and HSBC assert that Plaintiff defaulted in May 2009, while Plaintiff contends that this occurred in late 2010 or early 2011.

2

*Funding Co., LLC v. Saurman*, 292 Mich. App. 321, 807 N.W.2d 412 (Mich. Ct. App. 2011). Defendants have now moved for judgment on the pleadings, or in the alternative, for summary judgment.

## II. Standards of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of

4

material fact." *Id*. at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III. Discussion

**A. Defendants' Authority to Foreclose**

A number of Plaintiff's allegations challenge Defendants' authority to foreclose by advertisement. Plaintiff takes issue with the April 18, 2011 assignment of the mortgage from MERS to HSBC, asserting that this assignment sought to transfer rights that MERS does not possess. Am. Compl. ¶ 23. This argument is premised on the decision of the Michigan Court of Appeals in *Saurman*, which held that MERS, as record holder of a mortgage, was not permitted to foreclose by advertisement because it lacked an "interest in the indebtedness" secured by the mortgage. 292 Mich. App. at 336-37, 807 N.W.2d at 419-20. The Michigan Supreme Court, however, subsequently reversed the decision of

the Court of Appeals. *See Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (Mich. 2011). The Michigan Supreme Court held that MERS owned an interest in the indebtedness secured by the mortgage, and was therefore authorized to foreclose by advertisement. *Id.* at 909, 805 N.W.2d at 183 (citing Michigan Compiled Laws § 600.3204(1)(d)). MERS was the record holder of the mortgage in this case; it therefore had the authority to foreclose. Nothing prevented assignment of the mortgage to HSBC, and such an assignment is permitted under the terms of the mortgage. *See* Am. Compl. Ex. 13 (transferring rights in the property and power of sale to MERS and "the successors and assigns of MERS").

Plaintiff asserts that separation of the note and mortgage rendered the mortgage a "nullity" or extinguished the mortgage. *Saurman* appears to reject this reasoning:

> "The rule is well-settled that . . . the mortgagee has a lien on the land to secure the debt." *McKeighan v. Citizens Commercial & Sav. Bank*, 302 Mich. 666, 670, 5 N.W.2d 524 (Mich. 1942). "It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands. . . . The choice of a mortgagee is a matter of convenience." *Adams v. Niemann*, 46 Mich. 135, 137, 8 N.W. 719 (Mich. 1881). *See also Canvasser v. Bankers Trust Co.*, 284 Mich. 634, 639, 280 N.W. 71 (1938).

*Saurman*, 490 Mich. at 909-10, 805 N.W.2d at 183-84 (alterations in original). Thus, the separation of the note and mortgage did not extinguish Plaintiff's mortgage. MERS was not required to own the note in order to assign the mortgage.

Plaintiff claims that the assignment of the mortgage to HSBC as trustee is legally impossible under the Pooling and Servicing Agreement ("PSA") that created the Trust. Plaintiff points to PSA provisions stating that the loans which are transferred to the Trust

6

must be transferred by a certain date. Pl.'s Resp. Br. 11. According to Plaintiff, the cutoff date for these transfers was July 14, 2005. Plaintiff notes that the *mortgage* was assigned to HSBC as Trustee in April 2011, but this does not establish that a *loan* was transferred in violation of the PSA. Plaintiff has failed to point to any provisions of the PSA that would invalidate the assignment of the mortgage.

Plaintiff's argument that the assignment of the mortgage created a "second fictional note" is groundless. Plaintiff asserts that the assignment gave HSBC a claim against the property, even though it could not properly obtain such a claim from MERS. The Court has already rejected the premise of this argument by concluding that MERS was able to assign the mortgage to HSBC. Plaintiff was never subjected to multiple recoveries based on the same debt, and cannot plausibly claim that the assignment of her mortgage created a "fictional note."

Plaintiff argues that there is "conflicting evidence in the record about who the actual foreclosing party is." This confusion apparently stems from communications identifying the entities involved in the servicing of Plaintiff's loan and the subsequent foreclosure. The Court finds no conflict in these communications. A letter from Litton to Plaintiff dated March 10, 2011, makes clear that "[t]he current beneficial holder of the loan is HSBC Bank USA," while Litton was the loan servicer. Am. Compl. Ex. 3. This is consistent with Trott's April 5, 2011 letter identifying Litton generally as either "the creditor to which your mortgage debt is owed" or "the servicing agent for the creditor to which the debt is owed." Am. Compl. Ex. 1. Plaintiff has not made allegations sufficient to cast doubt on the propriety of the foreclosure proceedings in this case.

7

Plaintiff argues that Litton could not foreclose by advertisement because it was not the "servicing agent of the mortgage" under Michigan Compiled Laws § 600.3204(1)(d). Plaintiff seems to argue that this term applies only to an entity "servicing" the mortgage itself, rather than the mortgage loan. District court decisions applying this statute have universally rejected this interpretation. *See*, *e.g.*, *Stein v. U.S. Bancorp*, No. 10-14026, 2011 U.S. Dist. LEXIS 18357, at *36 (E.D. Mich. Feb. 24, 2011); *Jarbo v. BAC Home Loan Servicing*, No. 10-12632, 2011 U.S. Dist. LEXIS 132570, at *34-35 (E.D. Mich. Dec. 15, 2010) ("The plain language of Michigan's foreclosure by advertisement statute also precludes Plaintiffs' claims based on the allegation that loan servicers lack authority to foreclose on their residential property."). As the servicer of the mortgage loan, Litton was permitted to initiate foreclosure by advertisement under the Michigan statute.

Plaintiff contends that HSBC, as trustee of the Trust, lacks standing to enforce the mortgage because it is the Trust's investors who bear the risk of loss. Plaintiff has not cited any authority for the proposition that a trustee holding a mortgage loan is prohibited from exercising remedies under the loan agreement. Plaintiff's argument also ignores the very nature of a trust, which separates legal and equitable title to property. A trustee must generally administer and preserve trust property for the benefit of the beneficiaries. Here, the loan was in default, and HSBC properly attempted to exercise the lender's rights on behalf of the beneficiaries.

Despite Plaintiff's assertions, the recorded assignment of the mortgage from MERS to HSBC establishes a record chain of title from the original mortgage holder, MERS, to the current record holder, HSBC. HSBC owns an interest in the indebtedness securing the

8

mortgage, *Saurman*, 490 Mich. at 909, 805 N.W.2d at 183, and is therefore permitted to foreclose by advertisement pursuant to Michigan Compiled Laws § 600.3204(1)(d).

**B. Fraud**

Plaintiff's fraud claim is essentially derivative of her challenges to the foreclosure. Plaintiff asserts that Defendants have no legal right to the property, and misrepresented this at various points in the foreclosure process. *See* Am. Compl. ¶ 51-52. Michigan law generally requires a plaintiff to show that the defendant made a false representation in order to prevail on a fraud claim. *See Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (Mich. 1976). Here, Plaintiff's claim is based on legal conclusions that have been rejected by the Michigan Supreme Court in *Saurman*. Such allegations fail to establish a plausible claim of fraud.

**C. Negligent Infliction of Emotional Distress**

In her claim for negligent infliction of emotional distress, Plaintiff alleges that Defendants had a duty to act with due care toward Plaintiff and comply with *Saurman*. Am. Compl. ¶ 57. She asserts that Defendants acted negligently in attempting to deprive her of her property. Michigan courts have recognized the tort of negligent infliction of emotional distress, but have typically limited such claims to plaintiffs who have witnessed negligent injuries to close family members. *See Wargelin v. Sisters of Mercy Health Corp.*, 149 Mich. App. 75, 81, 385 N.W.2d 732, 735 (Mich. Ct. App. 1986). Plaintiff's allegations do not establish improper conduct by Defendants, and it seems that foreclosure proceedings were initiated in response to Plaintiff's default on the loan. These allegations

do not support a claim of negligence.[2]

**D. Fair Debt Collection Practices Act**

The Complaint alleges that Trott violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in several ways:

> a. Defendant violated 15 U.S.C. § 1692f(6) as the Defendant had no right to pursue the property against Ms. Wright as the Defendant failed to follow the Michigan Foreclosure Statute in representing a creditor/servicer or Defendant themselves without any interest in the Mortgage Loan as mentioned above;
>
> b. Defendant, as a debt collector, violated 15 U.S.C. § 1692g by [] failing to provide the mandatory notice of dispute and validation [of] rights to the class members by using the letter marked as Exhibit 1 in their initial communication to consumers as mentioned above.
>
> c. That Defendant violated 15 U.S.C. § 1692e with the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt as mention[ed] above by falsely collecting on a debt for a creditor that had no right to the property at issue and pursuing the collection anyway.  Please see Exhibits above.
>
> d. That Defendant violated 15 U.S.C. § 1692e(5) with the false threat to foreclose and force the property of Plaintiff into a Sheriff Sale when that action cannot legally be started as the Defendant has no interest in the Mortgage Loan as required by the Foreclosure Statute as mentioned above.

Am. Compl. ¶ 78.

Trott argues that it is not a "debt collector" subject to the FDCPA's requirements. The statute provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  "Debt" is as an "obligation or alleged obligation of a consumer to pay money." *Id.* § 1692a(5).  The statute defines

---

[2] The Court also notes that Plaintiff's response does not address the claim of negligent infliction of emotional distress; such argument is therefore waived.  *See Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. May 15, 2008).

"debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . For the purpose of [15 U.S.C. § 1692f(6)], such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

*Id.* § 1692a(6). Plaintiff alleges that Trott initiated foreclosure proceedings and threatened to foreclose on her property, but such conduct only relates to the enforcement of a security interest in the property. "[A]n enforcer of a security interest, such as a repossession agency, falls outside the ambit of the FDCPA for all purposes, except for the purposes of § 1692f(6)." *Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003) (quoting *Jordan v. Kent Recovery Serv., Inc.*, 731 F. Supp. 652, 659 (D. Del. 1990)). Section 1692f(6) prohibits:

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if -
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). Plaintiff asserts that Trott violated § 1692f(6) by pursuing foreclosure where it had no right to do so. Am. Compl. ¶ 78a. This claim fails because as discussed above, Plaintiff has not plausibly alleged wrongful foreclosure. Trott attempted to enforce a security interest through foreclosure by advertisement, and was not a "debt

collector" as defined in the FDCPA.[3]

Even if Trott's conduct in this case were subject to the FDCPA's requirements, the claims asserted by Plaintiff lack merit. The claims contained in paragraphs 78a, 78c, and 78d of the Complaint are derivative of Plaintiff's wrongful foreclosure claim. Plaintiff is incorrect in asserting that the creditors could not foreclose on the property; thus, Trott was not misleading Plaintiff by threatening foreclosure. Plaintiff also claims that Trott failed to provide a timely notice of dispute and validation of rights. Am. Compl. ¶ 78b. The statute provides that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," a debt collector shall send the consumer a written notice containing the name of the creditor to whom the debt is owed, the amount of the debt, and certain statements outlining the consumer's rights to respond or request additional information. *See* 15 U.S.C. § 1692g. Plaintiff argues that Trott failed to provide this notice within five days of its initial communication with her, which she alleges occurred on April 5, 2011. Trott has attached to its motion a letter to Plaintiff containing the necessary disclosures concerning Plaintiff's loan. *See* Trott Br. Ex. F. This letter is dated April 5, 2011. Plaintiff's response to Trott's motion does not address this letter. The Court is satisfied that Trott provided the necessary disclosures, and concludes that no genuine dispute of fact remains with respect to this claim. The Court therefore

---

[3] Plaintiff points to statements in Trott's letters indicating that it was a "debt collector attempting to collect a debt." *See* Am. Compl. Exs. 1, 2. Such disclaimers are not dispositive. *See Rogers v. RBC Mortg. Co.*, No. 11-11167, 2011 U.S. Dist. LEXIS 88517, at *21-23 (E.D. Mich. Aug. 10, 2011) (collecting cases and holding that disclaimer on letterhead is insufficient to establish that a law firm is a "debt collector" under the FDCPA).

grants summary judgment in Trott's favor.

## IV. Conclusion

The Court has concluded that Trott should be granted summary judgment with respect to Plaintiff's claim under the FDCPA. Plaintiff's remaining claims fail to allege facts that would entitle her to relief. The Court therefore grants judgment on the pleadings for Defendants with respect to these claims.

Accordingly,

**IS IT ORDERED** that MERS and HSBC's motion for judgment on the pleadings, or in the alternative, for summary judgment, is **GRANTED**.

**IT IS ORDERED** that Trott's motion for judgment on the pleadings, or in the alternative, for summary judgment is **GRANTED**.

                                                                s/PATRICK J. DUGGAN
                                                                UNITED STATES DISTRICT JUDGE

Copies to:
Charles N. DeGryse, Esq.
Amy L. Gottlieb, Esq.
Richard Welke, Esq.